## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DIANA C. MORGAN, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: CIV-18-536-M |
| | ) | |
| MIDWEST REGIONAL MEDICAL | ) | |
| CENTER, L.L.C., an Oklahoma | ) | |
| limited liability company, d/b/a | ) | |
| ALLIANCEHEALTH MIDWEST, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Diana C. Morgan, alleges as her Complaint against Defendant, Midwest Regional Medical Center, L.L.C., an Oklahoma limited liability company, d/b/a/ AllianceHealth Midwest as follows:

## NATURE OF THE ACTION

1.      This is an action against Defendant under Title I of the Americans with Disabilities Act of 1990 ("ADA"), ADA §§101 to 108 (42 U.S.C. 12111 to 12117), and the Oklahoma Anti-Discrimination Act, Tit. 25, O.S. §§1101 *et seq.* ("OADA") for its unlawful employment practices on the basis of disability. Defendant intentionally refused to accommodate Plaintiff's disability, retaliated against Plaintiff for requesting an accommodation, and constructively terminated Plaintiff's employment, in violation of Plaintiff's federally protected rights.

## JURIDSICTION AND VENUE

2.      Jurisdiction lies in this Court pursuant to 28 U.S.C. §1343(a)(3), 1343(a)(4), 1331, and supplemental subject matter jurisdiction under 28 U.S.C. §1367.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because the Defendant is located in this district, Plaintiff is a resident of this district, and the acts complained of arose within this district.

## PROCEDURAL REQUIREMENTS

4.      On February 24, 2017, Plaintiff filed a timely Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff her right to sue letter on March 8, 2018. This Complaint is timely filed within ninety days of Plaintiff's receipt of her right to sue letter.

## PARTIES

5.      Plaintiff is a resident of Midwest City, Oklahoma County, State of Oklahoma.

6.      Plaintiff was employed at Defendant's location in Midwest City, Oklahoma County, State of Oklahoma as a "per diem" nurse at the time her cause of action accrued. As a "per diem" nurse, Plaintiff worked a reduced schedule of approximately 10 shifts every 6 weeks.

7.      Approximately 20 years ago Plaintiff was diagnosed with Multiple Sclerosis ("MS"), an incurable, progressive neurologic condition.  Due to Plaintiff's MS, Plaintiff is

limited in her ability to lift, pull, or push patients due to the loss of strength caused by her disease. Physical and mental stress exacerbates her MS, and can result in hospitalization. These limitations substantially impair Plaintiff's ability to perform work which requires physical and mental stress without reasonable accommodation. As a result, Plaintiff is a qualified individual with a disability within the meaning of the ADA and OADA.

8.      At all relevant times, Defendant has been engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. §12111(5) and Section 101(7) of the ADA, 42 U.S.C. §12111(7).

9.      At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## FACTUAL BACKGROUND

10.     Plaintiff was originally hired by Defendant as a full-time Staff Nurse in Defendant's adult mental health unit. In 2012, due to the physical and stressful demands of her job, Plaintiff suffered an exacerbation of her illness, and was hospitalized as a result. At that time, Plaintiff began working on a part-time, or "per diem" basis, working 10 shifts every 6 weeks in Defendant's adult mental health unit.

11.     In or around 2014, Defendant added a geriatric unit to its mental health unit for patients generally 65 and older. The care of patients in the geriatric unit is generally more physically demanding and stressful than care of other patients in the mental health unit, as the patients in the geriatric unit require more physical assistance with the activities of daily living, and have more medical issues such as IV's and catheters.

3

12.     Due to the increased physical demands and stress of caring for patients on the geriatric ward, beginning in January 2016 Plaintiff requested and Defendant granted the reasonable accommodation of not scheduling Plaintiff to work on the geriatric ward due to the limitations caused by Plaintiff's MS.

13.     Plaintiff continued to work for Defendant on the adult mental health unit with the reasonable accommodation of not being scheduled to work on the geriatric unit throughout 2016 and until February 2017 without incident. Plaintiff received excellent evaluations and was told by Defendant that she was doing a great job during this time period. Plaintiff also received praise from her patients during this time period.

14.     On or about February 13, 2017, Plaintiff's supervisor informed Plaintiff that she would be required to "float" to the geriatric unit, i.e., would be periodically scheduled to work on the geriatric unit.

15.     Plaintiff requested that Defendant continue to accommodate her disability, as Defendant had done for the prior 13 months, by not assigning her to work on the geriatric unit, because the physical demands and stress of working on the geriatric unit would exacerbate Plaintiff's MS. Despite this request, Defendant refused to continue to accommodate Plaintiff's disability.

16.     Defendant's actions in refusing to continue to provide a reasonable accommodation for Plaintiff's disability made Plaintiff's working conditions so intolerable that on February 14, 2017, Plaintiff was forced to resign from her employment with Defendant, resulting in her constructive discharge.

17.    The motivating factor in Defendant's constructive discharge of Plaintiff was Plaintiff's disability, in violation of the ADA and OADA.

18.    As a direct and proximate result of Defendant's violations of the ADA and OADA, Plaintiff has suffered lost wages, benefits, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life.

## COUNT I: VIOLATION OF ADA

19.    Plaintiff incorporates and realleges each of the above paragraphs.

20.    For the reasons set out above, Plaintiff is a disabled person within the meaning of the ADA.

21.    Defendant has willfully, knowingly and intentionally discriminated against Plaintiff on account of and/or by reason of her disability.

22.    Discrimination on the basis of a disability, failure to provide a reasonable accommodation and retaliation for requesting reasonable accommodations is contrary to the ADA.

23.    Plaintiff is entitled to compensation for her lost wages, benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and attorney fees and costs.

24.    Because the actions of the Defendant were willful, malicious, or at the least, in reckless disregard for Plaintiff's federally and state protected rights, Plaintiff is entitled to an award of punitive damages under both federal and Oklahoma law.

## COUNT II: VIOLATION OF OADA

25.     Plaintiff incorporates and realleges each of the above paragraphs.

26.     Defendant has willfully, knowingly and intentionally discriminated against Plaintiff, a disabled person, on account of and/or by reason of her disability, in violation of the OADA.

27.     Discrimination on the basis of a disability, failure to provide a reasonable accommodation and retaliation for requesting reasonable accommodations is contrary to the OADA.

Plaintiff is entitled to compensation for her lost wages, benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and attorney fees and costs.

28.     Because the actions of the Defendant were willful, malicious, or at the least, in reckless disregard for Plaintiff's federally and state protected rights, Plaintiff is entitled to an award of punitive damages under both federal and Oklahoma law.

WHEREFORE, Plaintiff prays that she be granted judgment in her favor and against Defendant on all of her claims and that this Court grant Plaintiff all available compensatory damages, punitive damages, liquidated damages, pre- and post-judgment interest, costs, attorney's fees and any other legal or equitable relief allowed by law.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all the issues raised by the Complaint.

Dated: June 1, 2018

                                        Respectfully Submitted,

                                        /s/ Mary B. Abernathy
                                        Mary B. Abernathy, OBA # 13254
                                        Robert Todd Goolsby, OBA #12676
                                        GOOLSBY, PROCTOR, HEEFNER & GIBBS, P.C.
                                        701 N. Broadway, Suite 400
                                        Oklahoma City, OK 73102
                                        P: 405-524-2400
                                        F: 405-525-6004
                                        MAbernathy@gphglaw.com
                                        TGoolsby@gphglaw.com